IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| VERNARD DIONNE ANDERSON, #A6075338, | ) ) | CIV. NO. 18-00260 DKW-KSC |
|---|---|---|
| Plaintiff, | ) ) ) ) | ORDER DISMISSING COMPLAINT IN PART WITH LEAVE GRANTED TO AMEND |
| vs. | ) ) | |
| OAHU CMTY. CORR. CTR., D. PILI ACO IV, WARDEN-CHIEF OF SECURITY, | ) ) ) ) | |
| Defendants. | ) ) | |

Pro se Plaintiff Vernard Anderson is incarcerated at the Oahu Community Correctional Center ("OCCC"). Anderson asserts that Defendants OCCC, its "Warden-Chief of Security," and Adult Corrections Officer ("ACO") D. Pili violated his rights under the Eighth and Fourteenth Amendments when ACO Pili allegedly assaulted him and the Warden-Chief of Security found Anderson, rather than Pili, guilty of assault and failed to respond to his grievance appeal.

Anderson's Complaint is DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b). Specifically, Anderson's claims as alleged against OCCC and Defendants named in their official capacities for damages are dismissed

with prejudice. Anderson's due process claims as alleged against Warden-Chief of Security fail to state a claim and are dismissed without prejudice.

Anderson's claim for excessive force as alleged against Defendant D. Pili in his individual capacity states a claim and may be served. Defendant Pili is required to file a response after service is perfected.

## I.  **STATUTORY SCREENING**

The court is required to conduct a pre-Answer screening of Anderson's pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted);

*Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the

3

injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Moreover, jails, prison facilities, and state agencies are not "persons" amenable to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (discussing state agencies) (citing *Will*, 491 U.S. at 70).

Anderson seeks damages only and does not allege an ongoing constitutional violation. He cannot state a claim against OCCC and fails to state a claim for damages against Defendants Pili and Warden-Chief of Security in their official capacities, and these claims are DISMISSED with prejudice.

**B.     Claims Against Defendant D. Pili ACO IV**

Anderson says that on February 28, 2018, ACO Pili entered Anderson's medical unit cell alone, after Anderson allegedly failed to comply with head count. Anderson claims that Pili stomped on his broken foot, struck him in the mouth (which was wired shut at that time), and bit Anderson's finger when Anderson tried to protect himself. He says Pili did not call for back up protection or a cell extraction at any time.

The unnecessary and wanton infliction of pain violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.

2002) (explaining that the Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Anderson states a colorable claim against D. Pili, and this claim may be served and requires a response.

**C.     Claims Against Warden-Chief of Security**

Anderson alleges that the OCCC Warden-Chief of Security violated his right to due process under the Fourteenth Amendment when he (1) denied Anderson's request to review certain evidence and call witnesses at his disciplinary hearing; (2) found him guilty of assaulting an officer;[1] (3) sentenced him to forty-seven days in a disciplinary cell on the second floor, although Anderson had a broken foot; and (4) failed to respond to Anderson's grievance appeal.

*1.     Due Process for Disciplinary Segregation*

Procedural due process applies only to liberty and property interests that are protected by the Fourteenth Amendment. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). To plead a procedural due process violation, a plaintiff must allege: (1) that the state interfered with a life, liberty or property interest; and (2) the procedures used to deprive such interest were constitutionally insufficient. *Kentucky Dept. Of Corr. v. Thompson*, 490 U.S. 454, 460 (1990). Liberty interests

---

[1]Anderson is presumably referring to ACO Pili, who Anderson asserts assaulted *him*.

6

may be found in either the Due Process Clause of the Fourteenth Amendment or in state law. *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013). With respect to prison conditions, the relevant inquiry is whether the challenged prison conditions "impose[d] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

*Sandin* sets forth three factors to determine whether a liberty interest exists: (1) whether the conditions in disciplinary segregation mirrored those in administrative segregation and protective custody; (2) whether the confinement exceeded similar, discretionary confinement in terms of duration or degree of restriction; and (3) whether "the State's action will inevitably affect the duration of [the prisoner's] sentence." *Id.* at 486–87. If a liberty interest is found, pursuant to either the Due Process Clause or state law, the remaining question is whether the plaintiff received the amount of process that he was due. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (stating, "once it is determined that the Due Process Clause applies, the question remains what process is due.").

The Constitution itself does not give rise to a liberty interest in avoiding a transfer to more adverse conditions of confinement. *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding

7

no liberty interest under the Due Process Clause in transfer from a low- to a maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose")). Time spent in disciplinary segregation is the type of condition ordinarily contemplated by a prisoner's sentence. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (finding no liberty interest in avoiding placement in disciplinary segregation before a disciplinary hearing). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485. Anderson does not allege that his disciplinary segregation sanction will effect the length of his sentence or deprive him of good time credits. Thus, Anderson has no direct liberty interest under the Due Process Clause itself and must look for a state-created interest.

Anderson relates few details of his confinement in disciplinary segregation beyond its length – forty-seven days – and the fact that he was housed on the second floor despite his broken foot. In *Sandin*, the court found that thirty days in disciplinary segregation at the Halawa High Security Unit did not impose atypical or significant hardship. District courts within the Ninth Circuit have held that segregation from forty days to two-and-a-half years in duration, in itself, does not

impose an atypical and significant hardship giving rise to a protected liberty interest. *See LaFleur v. Nooth*, 2014 WL 1236138, at *4–5 (D. Or. Mar. 25, 2014) (collecting cases).

While Anderson suggests that it was difficult to be housed on the second floor with a broken foot, he sets forth no additional facts that show this imposed an atypical or significant hardship compared to administrative segregation or general population housing. Anderson does not allege he was unable to eat, shower, access his bunk, or otherwise maneuver because he was on the second floor and had a broken foot. He does not say that he was denied crutches, a cast, or medical care because he was on the second floor. To be clear, Anderson makes no comparison between his segregation on the second floor and any other conditions at OCCC, whether in segregation or in the general population.

To the extent that Anderson alleges the Warden-Chief of Security deprived him of due process pursuant to his adjustment committee hearing and subsequent punishment, he fails to allege sufficient facts to state a claim.

### 2. *Due Process Regarding Grievances*

To the extent that Anderson alleges that the Warden-Chief of Security (or any other OCCC official) violated due process by failing to respond to his grievance, he also fails to state a claim. Prisoners have no right to an effective

9

grievance or appeal procedure. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to address, or even "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [underlying] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only those who cause or participate in civil rights violations can be held responsible); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); *Lagmay v. Nobriga*, 2017 WL 539579, at *9 (D. Haw. Feb. 9, 2017) (same); *Velasquez v. Barrios*, 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action.").

The Warden-Chief of Security did not violate due process when he imposed disciplinary segregation or failed to respond to Anderson's grievance appeal. Anderson's due process claims are DISMISSED without prejudice.

### III. **LEAVE TO AMEND**

The Complaint is DISMISSED in part with leave to amend as limited above. Anderson may file an amended complaint on or before August 16, 2018 that cures the deficiencies in those claims dismissed without prejudice. Anderson must

10

comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Any amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012).

## IV. **CONCLUSION**

(1) Damages claims against all Defendants named in their official capacities and claims asserted against the Oahu Community Correctional Center are DISMISSED with prejudice.

(2) Due process claims asserted under the Fourteenth Amendment against Defendant Warden-Chief of Security are DISMISSED without prejudice.

(3) Claims asserted Defendant D. Pili ACO IV state a colorable claim for relief and may be served.

(4) Anderson may file an amended pleading that cures the noted deficiencies

in his due process claims on or before August 16, 2018. If Anderson does not wish to file an amended pleading and instead elects to stand on his claims against Defendant Pili alone, he shall promptly notify the Court of that fact, and the Court will issue a further order regarding service.

(5) The Clerk is DIRECTED to send Anderson a prisoner civil rights complaint form so that he may comply with this Order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: July 16, 2018, at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Anderson v. Oahu Comm. Corr. Ct., et al.*; Civil No. 18-00270 DKW-KJM;
**ORDER DISMISSING AMENDED COMPLAINT IN PART**

*Anderson v. OCCC*, No. 1:18-cv-00260 DKW-KSC; Scrng '18 Anderson 18-270 dkw